Submitted July 7, reversed and remanded August 27, 2014

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## WILLIAM GOLDMAN,
*Defendant-Appellant.*

Multnomah County Circuit Court
HA10391401; A155592

265 P3d 214

William Goldman filed the brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant appeals an order denying relief from the default judgment of conviction for a "temporary no parking" violation and the assessed doubled fine as a result of his failure to appear. Defendant challenges the sole basis for the trial court's denial of the order: that defendant's declaration in support of his motion to set aside the default failed to set forth sufficient grounds for relief under ORS 153.820(7). We conclude that defendant did set forth sufficient grounds for relief in his declaration and reverse and remand for the court to consider whether to exercise its discretion to set aside the judgment.

Defendant's car was towed from a Portland city street on December 14, 2012. Defendant retrieved his car the same day from the towing company, after paying for various items. Defendant acknowledges in his brief that he later received a notice from the circuit court dated March 1, 2013, stating that a judgment of conviction had been entered against him for a "temporary no parking" violation; that he had failed to pay his ticket or to post bail and request a hearing; and that, pursuant to ORS 153.820,[1] the court had entered the conviction and judgment assessing a fine. The record does not reveal the contents of the notice—just that a notice was printed. According to defendant, the notice indicated a "citation date" of December 17, 2012. However, there is no citation in the record.

Defendant promptly sought relief from the default judgment. He filed a declaration in support stating the following:

"My car was towed on 12/14/12 by Speed's Towing. I did not know of this until I returned from Seattle that morning after being away for a week. I learned of the towing after phoning Portland Parking Dept. They told me where it was and in answer to my question of why they said it was

---

[1] Under ORS 153.820(2), a court in a county with a population of more than 500,000, such as Multnomah County, may make a determination, without a hearing, on a citation for a parking violation if (a) none of the registered owners of the vehicle timely appears, (b) notice of the citation and the provisions of ORS 153.820 were mailed to the registered owner or owners at the address or addresses reflected in the records of the Department of Transportation, and (c) no request for hearing or other appearance is timely filed with the court.

because the car was blocking leaf sweeping, the parking fine was $8[,] and Speed would charge for the towing. I paid Speed and they added $13 for parking, not 8. There was no citation on my car, nor did Speed have one. I never received a citation. I have copies of receipts. I request a hearing and that the judgment be set aside.

"I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and subject to penalty for perjury."

The trial court denied the motion. The order states that "[t]he declaration does not set forth sufficient grounds required by ORS 153.820(7) for relief from the judgment, the motion is denied."

Under ORS 153.820(7),

"[o]n motion and upon such terms as are just, the court may relieve a person from a judgment entered under this section upon a showing that the failure of the person to appear was due to mistake, inadvertence, surprise or excusable neglect. The motion must be made within a reasonable time, and in no event more than one year after entry of judgment in the matter."

On appeal, defendant contends that he provided grounds for relief because, as he explained in his declaration, he never received a citation. He further contends that he was denied due process.

We agree with defendant that he made a showing, through his declaration, that his nonappearance constituted "mistake, inadvertence, surprise or excusable neglect" under ORS 153.820(7). *See Trucke v. Baughman,* 210 Or App 448, 455, 150 P3d 1080 (2007) (holding that nonappearance by a party who failed to receive notice was a sufficient showing under ORCP 71 B, which contains identical grounds for relief from a default judgment). Therefore, the trial court erred, and we remand to allow the court to exercise its discretion.

Reversed and remanded.